UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PRIME PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation,

    Plaintiff,

vs.

SUNSHINE CITY CARRIER CORP., CESAR HERNANDEZ, and MASSIMILIANO AYOKOUE,

    Defendants.
_____/

CASE NO: 1:22-21522

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Prime Property and Casualty Insurance Company ("Prime") sues Sunshine City Carrier Corp. ("Sunshine City"), Cesar Hernandez ("Hernandez"), and Massimiliano Ayokoue ("Ayokoue") (collectively, "Defendants") for declaratory relief as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief based on the failure of Prime's insured, Sunshine City, to list a Freightliner bearing Vehicle Identification Number 1FVHA6AV54PM72435, as a scheduled vehicle on the policy of insurance Prime issued to Sunshine City.

2. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the plaintiff and the Defendants.

3. Prime Property is a foreign Corporation under the laws of the State of Illinois, domiciled in and with its principal place of business in Utah.

4. Sunshine City is a Florida corporation organized under the laws of Florida, domiciled in and with its principal place of business in Miami, Miami-Dade County, Florida.

5. Hernandez at all times relevant to this action, is a citizen of the State of Florida, domiciled in and a resident of Miami Shores, Miami-Dade County, Florida.

6. Ayokoue at all times relevant to this action, is a citizen of the State of Florida, domiciled in and a resident of Miami Beach, Miami-Dade County, Florida.

7. Venue is appropriate in the Southern District of Florida as at least one of the Defendants resides there and the policies were issued by Prime for delivery in Miami-Dade County, Florida.

8. An actual justiciable controversy between Prime and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Prime has a duty to defend and therefore a duty to indemnify Sunshine City and Hernandez with respect to the claims asserted by Ayokoue, as is described in greater detail below.

## THE FACTS

9. On September 16, 2020, there was an automobile accident in Miami-Dade County, Florida (the "Incident").

10. One of the vehicles involved in the incident was a 2004 Freightliner (the "Vehicle") that was driven by Hernandez and is believed to be owned by Sunshine City.

11. Another vehicle involved in the incident was driven by Ayokoue.

12. On April 4, 2022, Ayokoue filed a lawsuit against Hernandez, Sunshine City, David Kirk Ober, and Next Chapter 2014 LLC, alleging damages in excess of $30,000.00 arising from the Incident (the "Underlying Litigation"). The Underlying Litigation is pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2022-006240-CA-01. A copy of the complaint in the Underlying Litigation is attached as **Exhibit A**.

13. The complaint alleges that at the time of the Incident, Fernandez was operating a 2004 Freightliner Columbia tractor trailer owned by Sunshine City. (See Ex. A. at ¶ 7b).

## THE POLICY

14. Prime issued a commercial automobile policy to Sunshine City under Policy No. PC19120851, which was in effect on the date of the incident (the "Policy"). The applicable limit of the Policy was $ 1,000,000.00, combined single limits. A copy of the Policy is attached as **Exhibit B**.

15. The Policy was issued under form CA 00 01 10 13 and contains the following pertinent provisions:

**THIS COMMERCIAL AUTO INSURANCE POLICY (the "Policy") is strictly limited to those activities and operations defined herein. Coverage is provided only for scheduled autos and drivers.**

\*\*\*

The "autos" that Sunshine City scheduled on the Policy in Item Three of the Declarations at the time of the incident are as follows:

**SPECIFICALLY DESCRIBED AUTOS - ITEM THREE OF THE DECLARATIONS**
**ACA-99-04**

| Unit No. | Year | Make | Model | Vehicle Identification Number (VIN) | Medallion | Garage City, State |
|---|---|---|---|---|---|---|
| 1 | 2007 | Peterbilt | Tractor | 1NP5DB9XX7D683178 | None | Miami, FL |
| 2 | 2019 | Non-Owned | Trailer | | None | Miami, FL |

All Autos are required to pass an annual safety inspections by an independent service garage in order to be a covered Auto, which must be available at the request of the Insurer.

Any non-owned trailers scheduled on this endorsement must be attached to a scheduled power unit for coverage to apply.

\*\*\*

## BUSINESS AUTO COVERAGE FORM

\*\*\*

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A.  **Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| … | … | |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown and which are under your operating authority |

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**
A.  **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

***

16. At the time the Policy was issued and at the time of the Incident, the Vehicle was not a scheduled auto under the Policy.

17. The Policy required that autos be scheduled in order for coverage to be available.

18. Upon information and belief, since Ayokoue's claim and lawsuit were tendered to Prime, the Defendants believe there is coverage for the incident under the Policy.

19. Prime is presently handling Ayokoue's claim and suit subject to a full and complete reservation of rights. As a result, in addition to a possible indemnity obligation up to the limits of the Policy, Prime has incurred and will continue to incur expenses associated with the investigation, defense and handling of the claim all of which satisfy the jurisdictional limits of this Court.

20. Ayokoue is a proper party since his rights, if any, may be affected by this Court's declaration.

21. All conditions precedent to bringing this action have been performed or otherwise waived.

### COUNT I - NO COVERAGE AS THE VEHICLE WAS NOT A SCHEDULED AUTO UNDER THE POLICY

22. Prime realleges paragraphs 1 through 21 as paragraph 22 of Count I.

23. The Policy's Declarations state that coverage "**is strictly limited to those activities and operations defined herein. Coverage is provided only for scheduled autos and drivers**" (emphasis in the original).

24. I addition, the Policy only provides coverage for those "autos" described in Item Three of the Declarations for which a premium charge is shown

25. At the time of the incident, the Vehicle was not a scheduled auto for which a premium charge was shown.

26. Accordingly, the Policy does not provide coverage for Sunshine City and Hernandez.

27. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligation, if any, to defend and indemnify Sunshine City and Hernandez for any claim arising out of the Incident

WHEREFORE, Prime Property and Casualty Insurance Company respectfully requests this Court to find and declare that it does not have a duty to defend and therefore no duty to indemnify Sunshine City and Hernandez under the Policy for any of the claims made by Ayokoue against them in the Underlying Litigation and arising out of the Incident.

DATED:  May 17, 2022

HINSHAW & CULBERTSON LLP

*/s/ Ronald L. Kammer*
**RONALD L. KAMMER**
Florida Bar No. 360589
rkammer@hinshawlaw.com
dphangsang@hinshawlaw.com
**BRITTNEY SAVINO**
Florida Bar No. 118898
Primary: bsavino@hinshawlaw.com
Secondary: ellampallas@hinshawlaw.com
2525 Ponce de Leon Blvd., Suite 400
Miami, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Plaintiff*
